P. PAUL PETERSON v. LOIS ARELLONO,
d.b.a. IDEAL FOODS.

185 N. W. (2d) 282.

March 19, 1971—No. 42478.

*David K. Hackley,* for appellant.
*LeVander, Zimpfer & Tierney* and *Paul D. Tierney,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an action for fraud in the purchase of a food-processing business. The Municipal Court of Hennepin County awarded plaintiff damages in the sum of $2,000. The issues are whether defendant fraudulently concealed from plaintiff her inability to secure the renewal of a food license, and, if so, whether this suit was one for rescission over which the municipal court had no jurisdiction.

The contract out of which the dispute arose was entered on January 6, 1967, between defendant and plaintiff and a third party whose interest was later assigned to plaintiff. The contract provided that plaintiff was to pay defendant $6,000 for the purchase of a business at 2729 East 25th Street, Minneapolis, engaged in manufacturing shredded potato baskets for retail to groceries, hotels, and hospitals. The sale included the rented location, instruction in the manufacturing process, a customers list, the manufacturing equipment, and a covenant not to compete. Plaintiff paid $2,000 on the contract and seeks to recover that amount. Defendant cross-claimed for the balance of $4,000.

1. Prior to the sale the business was in fact owned by defendant's father, one Al Oltman, whose credit rating made it impossible for him to secure a license. Consequently, for the years 1964, 1965, and 1966, the license was issued in the name of defendant. In each of those years, the Minneapolis Health Department notified defendant's father that his

operation was substandard under the health code and threatened to withhold the license unless conditions were corrected. Specifically, the health department complained that the floor covering was objectionable, the walls and ceiling were not properly maintained, there was no toilet, the equipment was not of the required quality, the utensils were not stainless steel, and the hot water temperature was too low. The cost of correcting these deficiencies was approximately $1,500. When, in May 1967, plaintiff was apprised of the necessity for these expenditures in order to secure his license, he discontinued payments to defendant. Thereupon, defendant reclaimed the equipment and plaintiff went out of business.

Defendant asserts that the inspector from the health department was willing to renew the license temporarily because it was expected that the building would ultimately be taken over as a part of the Seward renewal project. Hence, defendant argues that when that expectation was not fulfilled the failure to get a license was caused by events she could not anticipate and over which she had no control, citing Proulx v. Hirsch Bros. Inc. 279 Minn. 157, 163, 155 N. W. (2d) 907, 911. She concedes, however, that she did not disclose to plaintiff the continuing warning given by the health department to her father. Under these circumstances, we have no difficulty in sustaining the trial court's finding that "plaintiff was induced to buy the business by the concealment of material and substantial facts and that the concealment amounts to a fraud on the plaintiff."

2. Defendant contends that the action is one for rescission over which the municipal court had no jurisdiction by virtue of Minn. St. 488A.01, subd. 7(a):

"The court does not have jurisdiction:

"(a) Of any action where the relief asked for in the complaint is purely equitable in its nature."

We are of the opinion and hold that equitable relief was neither sought nor granted. Plaintiff's refusal to perform, and defendant's repossession of the fixtures and equipment constituted a rescission by the parties. The action which followed was simply one for damages. Under such circumstances, it was proper for the court to assume jurisdiction. Main v. Professional and Business Men's Life Ins. Co. 80 S. D. 288, 122 N. W. (2d) 865.

Affirmed.